UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROSE MOLANO,

v.  Case No. 8:04-cr-113-T-17TGW
    8:05-cv-2292-T-17TGW

UNITED STATES OF AMERICA.
_____

O R D E R

This cause is before the Court on Defendant Rose Molano's 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence an allegedly illegal sentence. Doc. cv-1; cr-213.  Molano is represented by counsel. The Government responded to the motion to vacate (Doc. cv-4) pursuant to the Court's order.  Molano did not file a reply.

BACKGROUND

On March 17, 2004, a federal grand jury in Tampa, Florida, returned an

indictment charging Molano and four codefendants with one count of conspiracy to import into the United States one kilogram or more of a mixture or substance containing a detectable amount of heroin, in violation of 21 U.S.C. §§ 963, 960(a)(1), and 960(b)(1)(A) (count one); one count of importing into the United States one kilogram or more of a mixture or substance containing a detectable amount of heroin, in violation of 21 U.S.C. §§ 952(a), 960(a)(1) and (b)(1)(A), and 18 U.S.C. § 2 (count two); one count of conspiracy to possess one kilogram or more of a mixture or substance containing a detectable amount of heroin, in violation of 21 U.S.C. § 841(b)(1)(A)(i) (count three); and one count of possessing with intent to distribute one kilogram or more of a mixture or substance containing a detectable amount of heroin, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(i), and 18 U.S.C. § 2 (count four). Doc. cr-19. Molano and three codefendants entered not-guilty pleas, Docs. cr- 24, 25, and this Court scheduled the case for trial, Doc. cr-89.

On September 9, 2004, codefendant Yen Bustamonte-Sanchez entered a guilty plea. Doc. cr-82. Less than a week later, on September 14, 2004, codefendant Martha Sanchez-Restrepo entered a guilty plea. Doc. cr-87. Facing trial by herself (the two other codefendants had pleaded guilty earlier in the proceedings), with her coconspirators now scheduled to testify against her, Molano pled guilty on the morning the trial was set to begin, September 18, 2004. Doc. cr-109.

This Court conducted Molano's sentencing hearing on December 17, 2004.

Doc. cr-143; Doc. cr-216 (transcript). In the Presentence Investigation Report ("PSR"), the United States Probation Office determined that Molano had a sentencing guidelines base offense level of 36 pursuant to USSG §2D1.1, based on the amount of heroin involved in the offense. PSR ¶ 28. The probation office recommended that this Court reduce Molano's offense level by an additional two levels pursuant to USSG §3E1.1(a) because, by pleading guilty, Molano had accepted responsibility for the offense. PSR ¶ 34. The probation office recommended that this Court not reduce Molano's offense level pursuant to USSG §5C1.2 (the safety valve provision) because Molano had not fully cooperated with the Government. PSR ¶ 29.

During the sentencing hearing, Molano's counsel argued that this Court should reduce Molano's offense level pursuant to the safety valve provision. Doc. cr-216 at 6. The Government agreed, stating:

> Since the defendant's plea and your adjudication, the agents in this case have twice visited Miss Molano. And based upon those interviews and the information she supplied during those interviews, which occurred within the last month or two, the Government does not object to the application of a safety valve.

Doc. cr-216 at 6. This Court, therefore, sustained Molano's objection and reduced Molano's offense level by another two, for a total offense level of 32, criminal history category I, and a total guidelines range of imprisonment of 121-151 months incarceration. Doc. cr-216 at 7, 26-28. This Court sentenced Molano at the low end of the guidelines range to 121 months incarceration. Doc. cr-143; Doc. cr-216 at 51.

This Court entered the final judgment on December 17, 2004. Doc. cr-144.

Molano did not appeal her conviction or sentence. On December 14, 2005, she timely filed the present motion pursuant to 28 U.S.C. § 2255.

## DISCUSSION

A review of the record demonstrates that, for the following reasons, the motion to vacate must be denied.

Molano alleges three ways that her counsel was constitutionally ineffective. She contends (1) that her counsel was ineffective for failing to advise her to plead guilty earlier in the proceeding and thereby depriving her of the opportunity to earn an additional one-level reduction to her offense level at sentencing pursuant to USSG §3E1.1(b); (2) that her counsel told her not to cooperate with law enforcement authorities and thereby deprived her of the opportunity to earn a reduction to her offense level pursuant to USSG §5C1.2 (the safety valve provision); and (3) that her counsel should have told her to plead guilty earlier in the proceeding so that she would have had an opportunity to render substantial assistance to the Government and earn a reduction to her offense level pursuant to USSG §5K1.1. Doc. cv1; cr-213.

To prevail on a claim of ineffective assistance of counsel, the petitioner must establish deficient performance and resulting prejudice. The Sixth Amendment right to counsel is the right to effective assistance of counsel. McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970). The benchmark for judging any claim of ineffective

assistance of counsel, however, is whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. Strickland v. Washington, 466 U.S. 668, 688 (1984); see also Boykins v. Wainwright, 737 F.2d 1539, 1542 (11th Cir. 1984).  Because a lawyer is presumed to be competent to assist a defendant, the burden is on the accused to demonstrate the denial of the effective assistance of counsel. United States v. Cronic,  466 U.S. 648, 658 (1984). Ineffectiveness of counsel may be grounds for vacating a conviction if (1) counsel's performance fell below an objective standard of reasonable professional assistance and (2) the defendant was prejudiced by the deficient performance. Strickland, 466 U.S. at 687, 694. "There is no reason for a court deciding an ineffective assistance claim. . . to address both components of the inquiry if the defendant makes an insufficient showing on one." Strickland, 466 U.S. at 697.  Thus, if the defendant fails to show that he is prejudiced by the alleged errors of counsel, this Court may reject the defendant's claim without determining whether the counsel's performance was deficient. See Coulter v. Herring, 60 F.3d 1499, 1504 n.8 (11th Cir. 1995).

     For performance to be deficient, it must be established that, in light of all the circumstances, counsel's performance was outside the wide range of professional competence. See Strickland, 466 U.S. at 690. In other words, when reviewing counsel's decisions, "the issue is not what is possible or 'what is prudent or


appropriate, but only what is constitutionally compelled.'" Chandler v. United States, 218 F.3d 1305, 1313 (11th Cir. 2000) (en banc) (quoting Burger v. Kemp, 483 U.S. 776, 794 (1987)), cert. denied, 531 U.S. 1204 (2001). Furthermore, "[t]he burden of persuasion is on a petitioner to prove, by a preponderance of competent evidence, that counsel's performance was unreasonable." Strickland, 466 U.S. at 688. This burden of persuasion, though not insurmountable, is a heavy one. See Chandler, 218 F.3d at 1314 (citing Kimmelman v. Morrison, 477 U.S. 365, 381 (1986)).

"'Judicial scrutiny of counsel's performance must be highly deferential,'" and courts must avoid second-guessing counsel's performance." Chandler, 218 F.3d at 1314 (quoting Strickland, 466 U.S. at 689). "Courts must 'indulge [the] strong presumption' that counsel's performance was reasonable and that counsel 'made all significant decisions in the exercise of reasonable professional judgment.'" Chandler, 218 F.3d at 1314 (quoting Strickland, 466 U.S. at 689-90). Therefore, "counsel cannot be adjudged incompetent for performing in a particular way in a case, as long as the approach taken 'might be considered sound trial strategy.'" Chandler, 218 F.3d at 1314 (quoting Darden v. Wainwright, 477 U.S. 168 (1986)).

If the record is incomplete or unclear about counsel's actions, then it is presumed that counsel exercised reasonable professional judgment. See Chandler, 218 F.3d at 1314-15 n.15. Thus, the presumption afforded counsel's performance "is not ... that the particular defense lawyer in reality focused on and, then, deliberately

decided to do or not to do a specific act." Id. Rather, the presumption is "that what the particular defense lawyer did at trial . . . were acts that some reasonable lawyer might do." Id. Moreover, "[t]he reasonableness of a counsel's performance is an objective inquiry." Chandler, 218 F.3d at 1315. For Molano to show deficient performance, she "must establish that no competent counsel would have taken the action that her counsel did take." Id. To uphold a lawyer's strategy, a court "need not attempt to divine the lawyer's mental processes underlying the strategy." Chandler, 218 F.3d at 1315 n.16. Finally, "[n]o absolute rules dictate what is reasonable performance for lawyers." Id. at 1317.

Molano has not met her burden of proving constitutionally ineffective assistance in this case. She fails to identify any aspects of her counsel's performance that were so defective that no competent counsel would have acted similarly. Although she states first that, at her counsel's direction, she did not enter her guilty plea until after the Government already had prepared for trial and, for that reason, she was denied the third level reduction to her offense level pursuant to USSG §3E1.1 at the sentencing hearing, she does not contend that it was unreasonable for her counsel to plan to go to trial or that it was her desire to attempt to enter a guilty plea earlier. The record shows that codefendant Martha Restrepo entered a guilty plea only four days before Molano entered her plea, Doc. cr-97, and codefendant Yen Fabian Bustamonte-Sanchez entered a guilty plea only five days before that, Doc. cr-82. It is

not unusual for defendants to wait until the eve of trial to enter a plea, especially when the Government's witnesses might be hesitant to cooperate. It frequently is in a defendant's best interest to wait to see whether the Government's witnesses will do so, such as in this case where several of the witnesses pled guilty and agreed to cooperate only days before the scheduled trial. "[C]ounsel cannot be adjudged incompetent for performing in a particular way in a case, as long as the approach taken 'might be considered sound trial strategy.'" Chandler, 218 F.3d at 1313 (en banc) (quoting Darden, 477 U.S. at 184). When, as in this case, several of the Government's witnesses were coconspirators who pled guilty shortly before trial, see Doc. cr-107 (witness list), Molano's counsel's approach constituted common and "sound strategy," and it was not constitutionally ineffective for him to advise Molano to plead guilty immediately before trial.

Although Molano contends next that her counsel was ineffective for advising her to refrain from discussing the crime with law enforcement officials because, as a consequence, she was denied application of the safety valve reduction to her offense level pursuant to USSG §5C1.2, the record plainly refutes this contention, showing that Molano received a section 5C1.2 reduction to her offense level. During the sentencing hearing, the Government told this Court:

> Since the defendant's plea and your adjudication, the agents in this case have twice visited Miss Molano. And based upon those interviews and the information she supplied during those interviews, which occurred

>   within the last month or two, the government does not object to the application of a safety valve.

Doc. cr-216 at 6. Based on the Government's, this Court ruled that the safety valve should be applied in this case. Doc. cr-216 at 7, 26-28. Consequently, although, as Molano contends in her motion, the probation office did not recommended in the PSR that this Court reduce Molano's offense level pursuant to section 5C1.2, see PSR ¶ 29, this Court did apply section 5C1.2 to reduce Molano's offense level by two, Doc. cr-216 at 7, 26-28. She was not "completely denied the additional downward departure under the safety valve provision of U.S.S.G. Section 5C1.2," as she contends in her motion, see Doc. cv-1 at 4, but instead received the full benefit of her post-plea cooperation and the two-level reduction to her offense level pursuant to section 5C1.2. Molano, therefore, cannot demonstrate that her counsel rendered ineffective assistance or that she suffered any prejudice due to her counsel's performance.

Finally, Molano contends that her counsel was ineffective for failing to advise her that she could cooperate and earn a reduction to her offense level pursuant to USSG §5K1.1. Doc. cv-1 at 4. Molano, however, has not proffered any information that she could have timely provided to the Government that the Government might have considered as a basis for requesting this Court to reduce her offense level, much less shown that she could have provided any information to the Government that

would have required the Government to file a motion pursuant to section 5K1.1. Section 5K1.1 permits a district court to reduce a defendant's sentence only upon motion by the Government stating that the defendant has rendered substantial assistance in the investigation or prosecution of another person who has committed an offense. See USSG §5K1.1; Fed. R. Crim. P. 35(b). Commentary to section 5K1.1 explains, "Substantial assistance is directed to the investigation and prosecution of criminal activities by persons other than the defendant[.]" USSG §5K1.1, comment. (n.2). The Government retains discretion over whether to file such a motion, and the United States Supreme Court and this Court have held that a district court does not have authority to review a prosecutor's refusal to file a motion or to grant a remedy for the Government's refusal to file such a motion unless the defendant has made a substantial showing that the prosecutor had an unconstitutional or discriminatory motive for refusing to file the motion. See Wade v. United States, 504 U.S. 181, 184-85 (1992); accord United States v. Forney, 9 F.3d 1492, 1502-03 n.2 (11th Cir. 1993) (citing Wade, 504 U.S. at 185-86 (1992)); see also United States v. Nealy, 232 F.3d 825, 831 (11th Cir. 2000); United States v. Alvarez, 115 F.3d 839, 841 (11th Cir. 1997).

In this case, Molano has not proffered any information that she could have provided to the Government that would have assisted the Government in the investigation or prosecution of another person. All of her coconspirators in the heroin

importation operation were arrested and most of them independently cooperated in the investigation. Molano has not shown that, even if her counsel had advised her to cooperate earlier in the investigation, the Government would have filed a motion for reduction to sentence pursuant to section 5K1.1. Therefore, Molano has shown neither constitutionally ineffective assistance of counsel or prejudice resulting from her counsel's advice.

Accordingly, the Court orders:

That Molano's motion to vacate (Doc. cv-1; cr-213) is denied, with prejudice. The Clerk is directed to enter judgment against Molano in the civil case and to close that case.

IT IS FURTHER ORDERED that defendant is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further, ' " Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983)). Defendant has not made the requisite showing in these circumstances.

Finally, because Defendant is not entitled to a certificate of appealability, she is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on May 11, 2006.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

AUSA:  Linda Julin McNamara
Thomas Ostrander, Esq.